WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Kurt Hughes,<br><br>    Plaintiff,<br><br>v.<br><br>Jacob Fraley, et al.,<br><br>    Defendants. | No. CV-16-00403-TUC-EJM<br><br>**ORDER** |

**I. Introduction**

In this § 1983 action, Plaintiff Michael Hughes alleges that Defendants violated his civil rights when Defendant Fraley falsely arrested him without probable cause (Count One), used excessive force against Hughes by taking him to the ground, striking him in the head, and restraining him (Count Two), and falsely imprisoned Hughes by forcibly restraining and handcuffing him and booking Hughes into the Pima County Jail (Count Four). Hughes also alleges that Defendant Martino used excessive force by kicking him in the back when he was fully restrained on the ground (Count Three).

Before the Court is Defendants' Motion to Dismiss the First Amended Complaint ("FAC"). (Doc. 13). Defendants argue for dismissal of Counts One, Two, and Four pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

The motion has been fully briefed, and the Court heard oral arguments on April 18, 2017. For the reasons stated below, the Court will grant Defendants' Motion to Dismiss.

## II. Factual Background

Plaintiff Michael Hughes filed this action in Pima County Superior Court on June 2, 2016, and Defendants removed the case to this Court on June 24, 2016. (Doc. 1). This matter is now proceeding on Plaintiff's FAC, filed on September 12, 2016. (Doc. 12). Plaintiff's FAC states four claims for relief: Count One, false arrest against Defendant Fraley; Count Two, excessive force against Defendant Fraley; Count Three, excessive force against Defendant Martino; and Count Four, false imprisonment against Defendant Fraley.[1]

Plaintiff's claims stem from his arrest following a domestic violence incident at his residence, where Plaintiff was the alleged victim.[2] Defendant Fraley responded to the domestic violence call, but Plaintiff left his residence prior to Defendant Fraley's arrival. Plaintiff's girlfriend told Fraley that Plaintiff left the house with a large kitchen knife. When Plaintiff returned home, Fraley observed that Plaintiff had cuts on his arms consistent with self-inflicted wounds. Fraley spoke with Plaintiff in his front yard and told Plaintiff to take his hands out of his pockets, but Plaintiff did not comply. Fraley told Plaintiff that he was not under arrest but that Fraley needed to talk to him. Plaintiff walked into his house and attempted to close the door behind him, and Fraley pushed the door open. In his report, Fraley stated that he pushed the door open because Plaintiff was a danger to himself and for officer safety reasons. Fraley grabbed Plaintiff's arm and told him not to go behind the door. Plaintiff was standing in his living room and had both of his hands out of his pockets. He was holding a pack of cigarettes in one hand and the other hand was empty. Fraley said "Do not do that again and listen to everything I tell you," and Plaintiff responded "Let me tell you something" and pointed his finger at Fraley. Fraley alleges Plaintiff attempted to grab his uniform; Fraley then attempted to

---

[1] The parties previously stipulated to dismiss Defendant City of Tucson and Counts Five and Six of the complaint. (Docs. 14 and 15).

[2] The factual allegations are detailed in Plaintiff's FAC and appear to be taken largely from the police report. (Doc. 12 at 4–9). The Court will summarize them briefly here.

- 2 -

grab Plaintiff's arm. Plaintiff pushed Fraley back and they both fell to the ground. Plaintiff was on top of Fraley and Fraley struck him in the face. Plaintiff and Fraley stood up, Fraley called for backup, then Fraley tackled Plaintiff to the ground and handcuffed him. Plaintiff was fully restrained on the ground. Defendant Martino saw Plaintiff kick another officer in the shins, and then Martino kicked Plaintiff in the back.

Plaintiff was arrested for aggravated assault on a police officer and was indicted by the Pima County Grand Jury. Plaintiff filed a motion to dismiss based on his unlawful detention, and Judge Eikleberry ruled that Plaintiff's detention was unlawful and unsupported by probable cause. Defendants contend that Judge Eikleberry's ruling addressed reasonable suspicion, not probable cause. The Pima County Attorney's Office subsequently dismissed the charges against Plaintiff.

### III. Standard of Review

Pursuant to Fed. R. Civ. P. 12(b)(6), the Court may grant a motion to dismiss when the plaintiff fails to state a claim upon which relief can be granted.

A complaint must contain a "short and plain statement of the grounds for the court's jurisdiction," a "short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for the relief sought." Fed. R. Civ. P. 8(a). While Rule 8 does not demand factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

To survive a motion to dismiss under Rule 12(b)(6), a pleading must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be plausible, allowing the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Ashcroft*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "Where a complaint pleads facts

that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678.

The Court must view the complaint in the light most favorable to the nonmoving party, with every doubt resolved on his behalf, and with that party's allegations taken as true. *See Abramson v. Brownstein*, 897 F.2d 389, 391 (9th Cir. 1990). Generally, the court only considers the face of the complaint when deciding a motion under Rule 12(b)(6). *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

**IV. Discussion**

Defendants request that the Court dismiss Counts One, Two, and Four of the FAC pursuant to Fed. R. Civ. P. 12(b)(6). Defendants argue that Plaintiff's FAC fails to state a claim for relief because: a) the officers had probable cause to arrest Plaintiff for aggravated assault on a police officer; b) the grand jury indictment constitutes prima facie evidence that there was probable cause to arrest Plaintiff; c) because there was probable cause to arrest Plaintiff, Plaintiff was not falsely imprisoned; and d) the force Defendant Fraley used to get Plaintiff off of him and effectuate the arrest was not excessive or unreasonable.

All of Plaintiff's claims fall under 42 U.S.C. § 1983. Section 1983 provides a civil remedy for parties deprived of constitutional rights by officials acting under color of state law. 42 U.S.C. § 1983. Thus, in order to state a valid § 1983 claim, "a plaintiff must show that he or she has been deprived of a right secured by the Constitution and . . . laws of the United States and that the deprivation was under color of state law." *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003) (internal quotations and citations omitted). "Section 1983 is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred." *Id*. (internal quotations and citations omitted).

A. Count One: False Arrest

In Count One, Plaintiff claims that Defendant Fraley violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by falsely arresting him

- 4 -

without probable cause. (Doc. 12 at 9).

Defendants' arguments are somewhat convoluted, but essentially boil down to a totality of the circumstances argument that, in this particular domestic violence situation, the officers had probable cause to arrest Plaintiff because they were exercising their community caretaking function and made a reasonable inference that Plaintiff was a potential danger to himself or others based on the following: the officers knew Plaintiff had left the residence with a knife; Plaintiff refused to comply with Fraley's commands to show his hands; and there could have been other weapons in the house. Defendants also argue that there was probable cause to arrest Plaintiff because Plaintiff committed aggravated assault when he grabbed Fraley's uniform and fell on top of him, and when Plaintiff kicked another officer.[3] Defendants further state that the grand jury indictment is prima facie evidence of probable cause to arrest, and that because there was probable cause to arrest Plaintiff here, there can be no false imprisonment claim.

Plaintiff contends that the initial conversation between Plaintiff and Fraley was a consensual encounter that Plaintiff had a right to terminate, that Fraley had no probable cause to continue questioning Plaintiff after Plaintiff terminated the conversation, and that Fraley then unlawfully forced his way into Plaintiff's home and provoked Plaintiff by pushing open the door and grabbing Plaintiff's arm.[4] Plaintiff claims that there was no reasonable suspicion to detain him and no probable cause to arrest him because there was no suspicion that Plaintiff had committed a crime so as to justify the investigatory detention of Plaintiff. Plaintiff further states that his detention was not supported by officer safety reasons because there was no reason to believe that Plaintiff was dangerous and he was not physically aggressive, just irritated by Defendant Fraley. Plaintiff also

---

[3] Upon questioning by the Court at oral argument, Defendants' counsel explained that the officers were not initially attempting to arrest Plaintiff, but wanted to detain Plaintiff and question him further. However, when Plaintiff pushed Defendant Fraley, then there was probable cause to arrest Plaintiff. Counsel further stated that Fraley had a caretaking duty to detain Plaintiff to assess whether he needed medical care. (Doc. 27 at 7–9).

[4] The Court notes that Plaintiff's FAC does not actually state a claim for unlawful entry.

claims that there was no basis for Officer Fraley to perform a welfare check on Plaintiff because Fraley did not observe Plaintiff with a knife, did not express his concern for Plaintiff, and did not ask Plaintiff if he needed medical attention.

### i. Probable Cause to Arrest

The Fourth Amendment protects the right to be free from unreasonable searches and seizures. *Davis v. United States*, 564 U.S. 229, 231–32 (2011). "At the Fourth Amendment's very core stands the right of a person to retreat into his own home and there be free from unreasonable governmental intrusion." *United States v. Lundin*, 817 F.3d 1151, 1157 (9th Cir. 2016). An arrest, whether warrantless or pursuant to a warrant, must be based upon probable cause. *Whiteley v. Warden*, 401 U.S. 560, 564–66 (1971). "To show that the police had probable cause to arrest . . . , the government is required to prove only that at the moment of arrest the facts and circumstances within the knowledge of the arresting officers and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *United States v. McCarty*, 648 F.3d 820, 838 (9th Cir. 2011) (internal quotations and citation omitted); *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Whether probable cause exists depends on the totality of facts available to the officers, who may not disregard facts tending to dissipate probable cause." *Sialoi v. San Diego*, 823 F.3d 1223, 1232 (9th Cir. 2016) (internal quotations and citation omitted). "Probable cause to arrest or detain is an absolute defense to any claim under § 1983 against police officers for wrongful arrest or false imprisonment, as the lack of probable cause is a necessary element of each." *Lacy v. Cty. of Maricopa*, 631 F. Supp. 2d 1183, 1193 (D. Ariz. 2008).

Here, the Court finds that Plaintiff has failed to plead sufficient facts to state a claim for relief in Count One. Based on the statements contained in the FAC,[5] the Court

---

[5] The Court notes that the facts alleged in Plaintiff's FAC appear to be taken largely from the police report(s), and the FAC does little to refute the officer's account of the events leading to Plaintiff's arrest and the circumstances of that arrest. In ruling on a motion to dismiss, the Court is required to take all well-pleaded allegations in the Plaintiff's complaint as true.

finds that Plaintiff has failed to state a claim for false arrest because the facts establish that Defendant Fraley had probable cause to arrest Plaintiff for aggravated assault on a police officer. Despite Plaintiff's argument that Fraley did not treat Plaintiff like a victim and was not acting in a community caretaking function, when Plaintiff pushed Fraley and fell on top of him, this gave Fraley probable cause to arrest Plaintiff.[6] "Whether probable cause to arrest exists depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest." *Devenpeck*, 543 U.S. at 152. At the time of Plaintiff's arrest, Plaintiff had just pushed Defendant Fraley and fallen on top of him; this followed an exchange where Plaintiff did not comply with Fraley's requests to speak with him or to show Fraley his hands. Fraley also had information that Plaintiff had left his house with a large kitchen knife, and observed self-inflicted wounds on Plaintiff's arms. When Plaintiff pushed Fraley and fell on top of him, Fraley had no way of knowing where the knife was or whether Plaintiff had any other weapons within reach. Taken all together, these facts establish that at the moment of arrest, the facts and circumstances known to Defendant Fraley were "sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *McCarty*, 648 F.3d at 838. Accordingly, the Court finds that there was probable cause to arrest Plaintiff for assault on a police officer.[7, 8]

---

[6] While Plaintiff also argues that he did not have the mens rea to commit assault on a police officer, that is not the proper inquiry here. In Plaintiff's civil lawsuit for § 1983 damages, the question is not whether Plaintiff could have been successfully prosecuted for the act for which he was arrested, but whether the officer had probable cause to arrest Plaintiff in the first place.

[7] The Court further finds that, taking the allegations in Plaintiff's FAC as true, there was also probable cause to arrest Plaintiff for aggravated assault on a police officer when he kicked another officer in the shin. Whether or not Plaintiff was actually charged for this second assault is irrelevant; likewise, even if the assault charge against Plaintiff was eventually dismissed, this does not obviate the existence of probable cause at the time of the arrest. As the court explained in *Lacy*:

> "Claims for false arrest focus on the validity of the arrest, not on the validity of each individual charge made during the course of the arrest." *Price v. Roark,* 256 F.3d 364, 369 (5th Cir. 2001) (citing *Wells v. Bonner,* 45 F.3d 90, 95 (5th Cir. 1995)). "Thus . . . 'if there was probable cause for any of the

*ii.    Grand Jury Indictment*

"Generally, probable cause for an arrest 'may be satisfied by an indictment returned by a grand jury.'" *Lacy*, 631 F. Supp. 2d at 1194 (quoting *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997); *see also Palato v. Botello*, 2012 WL 7018239, at *2 (C.D. Cal. Nov. 15, 2012), *report and recommendation adopted*, 2013 WL 164197 (C.D. Cal. Jan. 11, 2013) ("The filing of a valid grand jury indictment establishes probable cause for plaintiff's arrest and vitiates his Fourth Amendment claims for wrongful arrest and false imprisonment.") (collecting cases). The grand jury indictment is prima facie evidence that the defendant has committed an offense. *Bryant v. City of Goodyear*, 2014 WL

> charges made . . . then the *arrest* was supported by probable cause, and the claim for false arrest fails.'" *Id.* (quoting *Wells,* 45 F.3d at 95); *see also Barry v. Fowler,* 902 F.2d 770, 773 n. 5 (9th Cir. 1990); *Egolf v. Witmer,* 526 F.3d 104, 108 n. 8 (3d Cir. 2008) ("[P]robable cause need only exist as to *any* offense that could be charged under the circumstances."); *Johnson v. Knorr,* 477 F.3d 75, 85 (3d Cir. 2007) ("The rationale of this rule is that 'the existence of probable cause for one offense . . . justifies the arrest—and defeats the plaintiff's claim of false arrest—even if there was insufficient cause to arrest on the second offense alone.'"); *Jaegly v. Couch,* 439 F.3d 149, 154 (2d Cir.2006) ("[A] claim for false arrest turns only on whether probable cause existed to arrest a defendant, and . . . it is not relevant whether probable cause existed with respect to each individual charge."); *Barna v. City of Perth Amboy,* 42 F.3d 809, 819 (3d Cir.1994) ("Probable cause . . . exist[ed] as to any offense that could be charged under the circumstances.").

631 F. Supp. 2d at 1194; *Hansen v. Garcia, Fletcher, Lund & McVean*, 148 Ariz. 205, 207 (App. 1985) ("A subsequent dismissal of the charges does not make an arrest made with probable cause unlawful.").

[8] Plaintiff also suggests that Judge Eikleberry's ruling, which Plaintiff claims found no probable cause but Defendants state was actually based on reasonable suspicion, is evidence that there was no probable cause to arrest Plaintiff. Defendants contend that Judge Eikleberry's ruling has no collateral estoppel effect on the present lawsuit. In *State v. Greenberg*, the court found that the trial court's order granting the defendant's motion to suppress, and which could have been appealed but was not, could not form the basis for application of collateral estoppel because an interlocutory suppression order is not a final decision on the merits. 236 Ariz. 592, 599 (App. 2015). Defendants also cite the Ninth Circuit's recent decision in *Lingo v. City of Salem*, where the court held that the exclusionary rule does not apply in § 1983 cases. 832 F.3d 953 (9th Cir. 2016) (also holding that the Fourth Amendment does not prohibit an arrest based on evidence procured from an unlawful search). Based on this authority, the Court finds that regardless of whether Judge Eikleberry's suppression ruling addressed probable cause or reasonable suspicion, that order has no effect on the present lawsuit.

2048013, * 3 (D. Ariz. May 19, 2014). However, "[t]his presumption of probable cause can be rebutted if officers improperly exerted pressure on the prosecutor, knowingly provided misinformation, concealed exculpatory evidence, 'or otherwise engaged in wrongful or bad faith conduct that was actively instrumental in causing the initiation of legal proceedings.'" *Id.* (quoting *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).

In *Lacy*, the court noted that the indictment "alone would normally extinguish the inquiry into Lacy's [false arrest and unlawful detention] claims, but here Plaintiffs question the validity of the indictment." 631 F. Supp. 2d at 1194. However, the court found that none of the plaintiffs' allegations of suppression or misrepresentation of evidence existed at the time of Lacy's arrest and therefore did not affect the conclusion that there was probable cause to arrest Lacy for aggravated assault. *Id.* at 1195. In *Palato*, the court noted that the plaintiff's complaint did "not attack the grand jury indictment or allege facts plausibly suggesting that the indictment was invalid," and thus failed to state a Fourth Amendment claim for false arrest and false imprisonment based on lack of probable cause. 2012 WL 7018239, at *2. The court further noted that even if the plaintiff had made such allegations in his complaint, "they would not salvage plaintiff's Fourth Amendment claim because a grand jury witness, whether a lay person or a law enforcement officer, 'has absolute immunity from any § 1983 claim,' . . . 'based on the witness' testimony.'" *Palato*, 2012 WL 7018239, at *3 (quoting *Rehberg v. Paulk*, 566 U.S. 356, 132 S. Ct. 1497, 1506 (2012)).

In the instant case, Plaintiff's FAC does attack the validity of the grand jury indictment. For example, Plaintiff alleges that Defendant Fraley acted in bad faith by intentionally providing misleading information and omitting exculpatory information in his report, and that the Deputy Pima County Attorney did not view the body cam footage before presenting the case to the grand jury. However, the parties previously stipulated to dismiss Plaintiff's claims for malicious prosecution under § 1983 and state tort law, and Plaintiff's FAC does not allege a separate claim for insufficient indictment. Further, as in

*Lacy*, none of Plaintiff's allegations regarding the information presented to the grand jury existed at the time of Plaintiff's arrest, and these allegations do not affect the conclusion that there was probable cause to arrest Plaintiff for aggravated assault of a police officer when he pushed and fell on top of Officer Fraley. Thus, even if the grand jury indictment is not prima facie evidence of probable cause to arrest Plaintiff, the Court still finds that there was probable cause to arrest Plaintiff for aggravated assault of a police officer at the time of the offense. Accordingly, the Court will grant Defendants' Motion to Dismiss Count One of the FAC.

B. Count Two: Excessive Force

In Count Two, Plaintiff claims that Defendant Fraley used excessive force in violation of his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by striking Plaintiff in the face and head and physically restraining him. (Doc. 12 at 10).

Excessive force claims are "analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Determining whether the force used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing interests at stake." *Id.* at 396 (internal quotations and citation omitted). Because the test of reasonableness "is not capable of precise definition or mechanical application . . . its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal quotations and citations omitted). "Ultimately, the most important *Graham* factor is whether the suspect posed an immediate threat to the safety of the officers or others." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (internal quotations and citation omitted).

"[T]he right to make an arrest . . . necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Graham*, 490 U.S. at 396. "[P]olice officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation." *Id.* at 396–97. "While the existence of less forceful options to achieve the governmental purpose is relevant, police officers . . . are not required to use the least intrusive degree of force possible." *Marquez v. City of Phoenix*, 693 F.3d 1167, 1174 (9th Cir. 2012) (internal quotations and citation omitted).

Here, Plaintiff alleges that Defendant Fraley used excessive force when he struck Plaintiff in the face and head, and tackled Plaintiff to the ground and restrained him. Defendants contend that this use of force was reasonable under the circumstances because: Plaintiff committed a severe crime by pushing and falling on Fraley; Plaintiff ignored Fraley's commands; and Plaintiff posed an immediate threat to officer safety. Based on the record before the Court, the Court finds that Plaintiff's FAC fails to allege a plausible claim for excessive force sufficient to defeat Defendants' Motion to Dismiss on Count Two. At the time of Plaintiff's arrest, the information known to Defendant Fraley was that Plaintiff had left his home with a large kitchen knife, Plaintiff had self-inflicted wounds on his arms, Plaintiff did not comply with Fraley's requests to speak with him or to show Fraley his hands, and Plaintiff pushed Fraley and fell on top of him. Defendant Fraley had no way of knowing where the knife was or if Plaintiff had any other weapons available to him, and a reasonable officer under the circumstances would have determined that some degree of force was necessary in order to get the Plaintiff off of the officer, restrain the Plaintiff to prevent any further injury to the officer, and place the Plaintiff under arrest.[9] *See Blankenhorn v. City of Orange*, 485 F.3d 463, 477 (9th Cir. 2007) ("The Fourth Amendment requires police officers making an arrest to use only an

---

[9] The Court also notes that Defendant Fraley reported to Plaintiff's home on a domestic violence call. *See Mattos*, 661 F.3d at 450 (The Ninth Circuit has "observed that the volatility of situations involving domestic violence makes them particularly dangerous." (internal quotations and citation omitted)).

| | |
|---|---|
| 1 | amount of force that is objectively reasonable in light of the circumstances facing them. . . . Neither tackling nor punching a suspect to make an arrest necessarily constitutes excessive force."). Accordingly, the Court finds that Plaintiff has failed to state a claim for excessive force and Count Two will be dismissed. |

1  amount of force that is objectively reasonable in light of the circumstances facing them. .
2  . . Neither tackling nor punching a suspect to make an arrest necessarily constitutes
3  excessive force."). Accordingly, the Court finds that Plaintiff has failed to state a claim
4  for excessive force and Count Two will be dismissed.

   C. Count Four: False Imprisonment

In Count Four, Plaintiff claims that Defendant Fraley violated his rights under the Fourth and Fourteenth Amendments to the U.S. Constitution by forcibly restraining and handcuffing Plaintiff, and booking him into the Pima County Jail after falsely arresting him. (Doc. 12 at 11).

Defendants argue that Plaintiff's false imprisonment claim must fail because there was probable cause to arrest Plaintiff and therefore Defendants cannot be liable for false imprisonment when Plaintiff was lawfully arrested. It is somewhat unclear from the FAC whether Plaintiff's false imprisonment claim is based on Defendant Fraley restraining and handcuffing Plaintiff, or the subsequent booking of Plaintiff into Pima County Jail. In any event, because the Court finds that there was probable cause to arrest Plaintiff, Plaintiff's claim for false imprisonment must fail. *See Lacy*, 631 F. Supp. 2d at 1193 ("Probable cause to arrest or detain is an absolute defense to any claim under § 1983 against police officers for wrongful arrest or false imprisonment . . ."). Accordingly, the Court will dismiss Count Four for failure to state a claim.

**V.  Conclusion**

For the reasons stated above,

**IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss. (Doc. 13). Counts One, Two and Four of Plaintiff's First Amended Complaint are hereby dismissed with prejudice.

. . .

. . .

. . .

. . .

Dated this 28th day of April, 2017.

Eric J. Markovich
United States Magistrate Judge